944 F.2d 912
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
rlinda T. NORIEGA, Petitioner,
v.
SECRETARY, DEPARTMENT OF VETERANS AFFAIRS, Respondent.
 No. 91-7008.
 United States Court of Appeals, Federal Circuit.
 Aug. 1, 1991.
 
 Before RICH, MAYER and CLEVENGER, Circuit Judges.
 MAYER, Circuit Judge.
 
 ORDER
 
 1
 The Secretary of the Department of Veterans Affairs (Secretary) moves to dismiss Erlinda T. Noriega's petition for review for lack of jurisdiction. Noriega has not filed a response. At the court's request, the Secretary filed a supplemental response in support of his motion to dismiss.
 
 
 2
 Noriega is a Philippine citizen who applied for and received death benefits as an unremarried widow of a deceased veteran. In 1981, following an investigation by a regional office of the Department of Veterans Affairs (VA),[1] the VA charged Noriega with violating 38 U.S.C. § 3503(a) governing forfeiture for fraud. In 1982, the Compensation and Pension Service found Noriega had misrepresented her marital status to the VA with an intent to deceive and defraud the VA, in order to continue receiving death benefits to which she was no longer entitled. As a result, the VA declared a forfeiture. Noriega appealed that decision to the Board of Veterans Appeals. In 1984, the Board sustained the forfeiture. Now, nearly seven years later, Noriega has filed a petition for direct review in this court.
 
 
 3
 Direct review by this court of VA decisions concerning benefits furnished to veterans, their dependents, or their survivors is generally precluded by statute. However, this court does have jurisdiction under 38 U.S.C. § 223 to review challenges to agency rules, regulations or policies. Section 223(a) and (b) make the publication requirements and the notice and comment rulemaking requirements of the Administrative Procedure Act applicable to the VA. See 5 U.S.C. § 552(a)(1); 5 U.S.C. § 553. Section 223(c) authorizes judicial review of certain VA actions relating to the publication, notice and comment provisions.[2]
 
 
 4
 The Secretary moves to dismiss Noriega's petition arguing that Noriega is essentially "challenging the factual determination that she forfeited any claim she may have had for death benefits because she made false statements concerning her marital status to the VA", and, thus, that the court is without jurisdiction to review her petition. The Secretary also argues that Noriega is not challenging "an action of the [Secretary]" because she is challenging a statute, an act of Congress, rather than a VA rule, regulation, or policy.
 
 Noriega's informal brief states:
 
 5
 The present statute on forfeiture of benefits applicable to Philippine Cases only is unconstitutional and discriminatory because it conflicts with the U.S. Constitution, the Fundamental Law upon which all U.S. Public Laws are based. Why is it that Philippine cases are the only ones subjected to forfeiture of benefits. The Honorable Court should once and for all rectify this continuing injustice in the regulations of the Veterans Administration and in Title 38, United States Code.
 
 
 6
 Thus, it appears that Noriega is alleging a constitutional challenge to the VA forfeiture statute, 38 U.S.C. § 3503. Noriega also purports to challenge several VA regulations though she does not specify which regulations she is challenging.
 
 
 7
 However, Noriega has not alleged that any VA rule or regulation is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the laws concerning publication, or notice and comment rulemaking. 38 U.S.C. § 223(c). Thus, she has not shown her case falls under the "narrow review provisions of section 223." Hilario v. Secretary, Department of Veterans Affairs, No. 90-7003, slip op. at 5 (June 10, 1991).
 
 
 8
 Although Noriega, in her informal brief, requests review of various, unspecified VA regulations, her papers reveal she is really challenging the application of these regulations to her case. In answer to question two "[w]hat action of the Secretary of Veterans Affairs do you want reviewed by this court?", Noriega answers, "[t]he lifting of the Forfeiture action and/or Decision declared by the Veterans Administration ... is respectfully requested."
 
 
 9
 Pro se petitioners "are not required to file legally impeccable submissions to proceed on appeal".[3] But Noriega must demonstrate that this court has jurisdiction over her claim. Noriega has not made such a showing.
 
 
 10
 Accordingly,
 
 IT IS ORDERED THAT:
 
 11
 The Secretary's motion to dismiss is granted.
 
 
 
 [1]
 The Department of Veterans Affairs Act, Pub.L. No. 100-527, 102 Stat. 2635 (1988) redesignated the former Veterans' Administration as the cabinet-level Department of Veterans Affairs. In this order, the "VA" refers to both the former and present agencies. See id. at § 10, 102 Stat. 2640
 
 
 [2]
 Subsection (c) provides in relevant part:
 An action of the [Secretary] to which section 552(a)(1) or 553 of title 5 (or both) refers ... is subject to judicial review. Such review shall be in accordance with chapter 7 of title 5 and may be sought only in the United States Court of Appeals for the Federal Circuit.
 
 
 [3]
 Hilario, slip op. at 6